IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| NORMA J. MURPHY | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. _____ |
| ASSET ACCEPTANCE LLC, | ) ) Jury Trial Demanded |
| Defendant. | ) ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Norma J. Murphy (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Asset Acceptance LLC (hereinafter "Defendant Asset Acceptance") is a for-profit limited liability company organized in Delaware, and a "debt collector" as defined by 15 U.S.C. § 1692a(6), that maintains CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929, as its registered agent for service of process in Tennessee.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a JC Penney credit card debt owned and/or serviced by GE Capital Corporation or GE Money Bank (hereinafter "GE Money Bank") that was opened in approximately April 1995.

7. On May 31, 2005, Plaintiff filed a Chapter 7 bankruptcy case.

8. On September 9, 2005, Plaintiff received a discharge of her personal liability for all of her pre-petition debts, including the debt Defendant Asset Acceptance is attempting to collect.

9. Sometime prior to November 2007, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant Asset Acceptance for collection from Plaintiff.

10. Within a year prior to the filing of this Complaint, Plaintiff received her <u>TransUnion</u> credit report dated December 16, 2009 which showed that Defendant Asset Acceptance had been communicating the following information to <u>TransUnion</u> since at least August 2008, if not earlier, that the account for the debt it is attempting to collect from Plaintiff:

   (a) the original creditor was "GE Electric Capital Corp GE Mo";

   (b) Defendant Asset Acceptance's account number was 35365544;

   (c) no balance was owed on the debt;

   (d) the account was closed in May 2005;

   (e) the debt was paid in May 2005; and

   (f) the debt was included in Plaintiff's Chapter 7 bankruptcy case.

### *Plaintiff's December 15, 2009 Experian Credit Report*

11. Within a year prior to filing this Complaint, Plaintiff obtained her Experian credit report dated December 15, 2009.

12. Plaintiff's December 15, 2009 Experian credit report showed that in March 2007 GE Money Bank communicated to Plaintiff and Experian that Plaintiff's JC Penney account:

    (a) was opened in April 1995;

    (b) showed a $0 balance as of March 2007; and

    (c) was discharged through Plaintiff's Chapter 7 bankruptcy case on September 9, 2005.

13. Plaintiff's December 15, 2009 Experian credit report showed that Defendant Asset Acceptance made an inquiry into Plaintiff's Experian credit file on November 19, 2009, which credit file showed the credit information listed above reported by GE Money Bank, and which also identified Plaintiff's attorney with respect to such debt.

14. Within one year prior to the filing of this Complaint, Plaintiff received her Experian credit report dated December 15, 2009 which showed information regarding the debt communicated by Defendant Asset Acceptance to Plaintiff, and to Experian and any party who could permissibly access Plaintiff's Experian credit file at that time (hereinafter "Experian").

15. The reporting of the information regarding the debt to Experian by Defendant Asset Acceptance was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See Riveria v. Bank One*, 145 F.R.D. 614 (D. P.R. 1993); *accord Blanks v. Ford Motor Credit*, 2005 WL 43981, at *3 (N.D. Tex. Jan. 7, 2005) (communicating information to credit reporting agency is a communication in connection with the collection of a debt); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d

492, 503 n.4 (D. Md. 2004) (reporting debt is "in connection with" debt collection); *Sullivan v. Equifax, Inc.*, 2002 WL 799856, 2002 U.S. Dist. LEXIS 7884, at *15, (E.D. Pa. April 19, 2002) (reporting a debt is a powerful collection tool); *Ditty v. Checkrite, Ltd.*, 973 F. Supp. 1320, 1331 (D. Utah 1997) (reporting bad check information to others is designed to give collector additional leverage over debtor); *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991).

16. Within one year prior to the filing of this Complaint, Defendant Asset Acceptance intentionally communicated to Plaintiff and Experian in Plaintiff's December 15, 2009 credit report that the account for the debt it is attempting to collect from Plaintiff:

    (a) the original creditor was "GE Electric Capital Corp GE Mo";

    (b) Defendant Asset Acceptance's partial account number was 3536 . . . .;

    (c) $2,405.00 was owed on the debt; and

    (d) the account was opened in November 2007.

17. By communicating to Plaintiff in connection with the collection of the debt that Plaintiff owed $2,405.00 on the debt when it had actual knowledge that Plaintiff no longer had any personal liability on the debt, Defendant Asset Acceptance falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount, or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

18. On information and belief, Defendant Asset Acceptance did not maintain procedures reasonably adapted to avoid falsely representing the character, amount, or legal status of the debt in the Experian credit report.

19. By communicating to Plaintiff and Experian in connection with the collection of the debt that Plaintiff owed $2,405.00 when it had actual knowledge that Plaintiff no longer had any personal liability on the debt, Defendant Asset Acceptance violated 15 U.S.C. § 1692e(8), and communicating to any person credit information which is known or which should be known to be false is a violation of 15 U.S.C. §§ 1692e and e(10).

20. On information and belief, Defendant Asset Acceptance did not maintain procedures reasonably adapted to avoid communicating credit information which is known or which should be known to be false in the Experian credit report.

21. By communicating to Plaintiff in connection with the collection of the debt that that the account was opened by Plaintiff in November 2007 when it had actual knowledge that the account was opened in April 1995, Defendant Asset Acceptance falsely represented the character of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount, or legal status of a debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

22. By communicating to Plaintiff and Experian that the account was opened by Plaintiff in November 2007 when it had actual knowledge that the account was opened in April 1995, Defendant Asset Acceptance communicated to Plaintiff and Experian credit information which it knew or should have known was false, in violation of 15 U.S.C. § 1692e(8), and

communicating to any person credit information which is known or which should be known was false is a violation of 15 U.S.C. §§ 1692e and e(10).

23. By communicating with Plaintiff in connection with the collection of the debt when it had actual knowledge that Plaintiff was represented by an attorney with respect to the debt, Defendant Asset Acceptance violated 15 U.S.C. § 1692c(a)(2), and this communication is a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *January 16, 2010 Collection Letter*

24. Within a year prior to the filing of this Complaint, Defendant Asset Acceptance sent a collection letter to Plaintiff dated January 16, 2010.

25. The January 16, 2010 collection letter from Defendant Asset Acceptance was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

26. The January 16, 2010 collection letter stated that the original account number for the debt was XXXXXXXXXXXX6481 (redacted).

27. The January 16, 2010 collection letter stated that Defendant Asset Acceptance's account number for the debt was 35365544.

28. The January 16, 2010 collection letter stated that the amount due was $2,489.43.

29. The January 16, 2010 collection letter further stated that:

> "**This is an attempt to collect a debt any information obtained will be used for that purpose.**" (all bold in original letter)

6

Case 2:10-cv-00274-JRG-DHI   Document 1   Filed 12/15/10   Page 6 of 12   PageID #: 6

30. By communicating with Plaintiff by sending the January 16, 2010 collection letter stating that $2,489.53 was owed by Plaintiff when Defendant Asset Acceptance had actual knowledge that Plaintiff's personal liability on the debt was discharged in Plaintiff's bankruptcy case was the false representation of the character, amount, and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount, or legal status of a debt by Defendant Asset Acceptance was the use of a false, deceptive, or misleading representation or means in connection with collection of the debt and an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

31. Prior to sending the January 16, 2010 collection letter to Plaintiff, Defendant Asset Acceptance failed to contact Plaintiff's attorney to inquire about his continued representation of Plaintiff with respect to the debt.

32. Prior to sending the January 16, 2010 collection letter to Plaintiff, Defendant Asset Acceptance failed to contact Plaintiff's attorney and provide him an opportunity to respond within a reasonable period of time to a communication from Defendant Asset Acceptance regarding his continued representation of Plaintiff with respect to the debt.

33. Plaintiff's attorney never consented to direct communication with Plaintiff by Defendant Asset Acceptance in connection with collection of the debt.

34. The January 16, 2010 collection letter was sent to Plaintiff at a time when Defendant Asset Acceptance had actual knowledge that Plaintiff was represented by an attorney with respect to the alleged debt.

35. By communicating with Plaintiff in connection with the collection of the debt when it had actual knowledge that Plaintiff was represented by an attorney with respect to the alleged

debt, Defendant Asset Acceptance violated 15 U.S.C. § 1692c(a)(2), and this communication was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

36. On the back side of the January 16, 2010 collection letter was printed in all capital letters

"ASSET ACCEPTANCE LLC
A DEBT COLLECTION COMPANY
PRIVACY POLICY"

37. Defendant Asset Acceptance's Privacy Policy contains, in pertinent part, the following statements:

> COLLECTING INFORMATION. We obtain Customer Information about you as permitted by law from: applications or other forms you have filled out; your transactions with us, prior owners of your account, <u>our affiliates, or others; and consumer reports (including credit reports). This information includes your name, your address, your social security number, your current and former employers, your payment history and your account balances</u>. (underline added)

38. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

39. For that reason, without the prior consent of the Plaintiff given directly to Defendant Asset Acceptance, it may not communicate with any other person in connection with the collection of the debt, except Plaintiff, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

40. When Defendant Asset Acceptance communicated the threat to Plaintiff that it was going to communicate with third parties outside the list enumerated by the FDCPA, it was already
8

aware of all three items of information that are included in the definition of "location information" – where she lived, her telephone number where she lived, and her place of employment.

41. The statement that Defendant Asset Acceptance communicates with other parties outside of the parties enumerated under the FDCPA is misleading and deceptive.

42. It misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning the Plaintiff other than "location information", when the FDCPA forbids such third party contact.

43. It misleads the least sophisticated consumer into believing that Defendant Asset Acceptance may provide "nonpublic personal information", including the fact that Plaintiff owes a debt to Defendant, when the FDCPA forbids such disclosure.

44. If false, the statement that Defendant Asset Acceptance communicates, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692c(b), is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

45. If true, the third party contact is patently unlawful.

### *Summary*

46. The above-detailed conduct by Defendant Asset Acceptance in connection with collection of the debt, including, but not limited to making false, deceptive and/or misleading representations in its communications to Plaintiff, falsely representing the character, amount, or legal status of the debt, threatening to take any action that cannot legally be taken, using

any false representation or deceptive means to collect or attempt to collect the debt, falsely representing the character, amount, or status of the debt, and communicating with Plaintiff in connection with collection of the debt when it had actual knowledge that Plaintiff was represented by an attorney with respect to the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

47. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

48. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

49. The foregoing acts and omissions of Defendant Asset Acceptance constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

50. As a result of Defendant Asset Acceptance's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

12/15/10

Respectfully submitted,

**NORMA J. MURPHY**

_____
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Morristown, TN 37816-1357
(423) 736-0201
info@alanlee.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE    )
COUNTY OF HAMBLEN    )

Plaintiff Norma J. Murphy, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 12/8/10          By: _Norma J. Murphy_
                            Norma J. Murphy

Subscribed and sworn to before me this __8th__ day of __December__ 2010.

_Susan Harbin_
Notary Public

[Notary Seal: SUSAN HARBIN, STATE OF TENNESSEE NOTARY PUBLIC, HAMBLEN COUNTY]